UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:                                    ) Case No. 04-13027
                                          )
JOHN A. BOBKA, and                        ) Chapter 7
CORRINE C. BOBKA,                         )
                                          ) Judge Arthur I. Harris
          Debtors.                        )

MEMORANDUM OF OPINION

This case is currently before the Court on the motion of debtors John A. Bobka and Corrine C. Bobka to avoid the judgment lien of Bank One (Docket #7). At issue is whether the debtors can strip the entire judgment lien from their property as a preferential transfer or only the portion of the lien that impairs their homestead exemption. For the reasons that follow, the debtors' motion to avoid the judgment lien of Bank One (Docket #7) is granted only in so far as the judgment lien impairs their homestead exemption, *i.e.*, all except $10,346.58 of the lien is avoided.

STIPULATIONS OF FACT

On September 16, 2004, the parties filed the following Stipulations of Fact (Docket #15):

1. The debtors are members of The Bobka Group, LLC ("TBG").

2. On November 12, 2002, the debtors on behalf of TBG executed and delivered to Bank One a promissory note in the original principal amount of

$74,847.14 (the "Note").

3. On July 17, 2000, J. Bobka executed and delivered to Bank One a Commercial Guaranty (the "J. Bobka Guaranty"), whereby J. Bobka guaranteed all of the obligations of TBG, including the Note.

4. On July 17, 2000, C. Bobka executed and delivered to Bank One a commercial guaranty (the "C. Bobka Guaranty"), whereby C. Bobka guaranteed all of the obligations of TBG, including the Note.

5. TBG defaulted on repayment of the Note.

6. J. Bobka defaulted on the obligations set forth in the J. Bobka Guaranty.

7. C. Bobka defaulted on the obligations set forth in the C. Bobka Guaranty.

8. On December 15, 2003, Bank One obtained judgment in the Cuyahoga County Common Pleas, Case No. 03-517120, against the debtors in the amount of $70,084.64, plus accrued interest of $1,651.05, plus interest at the default rate of interest as specified in the Note from November 12, 2003, plus fees and charges of $113.22, attorneys' fees, and other charges at the rate set forth in the Note, and costs.

9. On December 15, 2003, a judgment lien (the "Judgment Lien") was filed for record, and docketed as JL-03-212282, against the debtors in favor of Bank

One in Cuyahoga County in the amount of $70,084.64, plus accrued interest of $1,651.05, plus interest at the default rate of interest as specified in the Note from November 12, 2003, plus fees and charges of $113.22, attorneys' fees, and other charges at the rate set forth in the Note, and costs.

10. The Judgment Lien attached to the debtors' residence commonly known as 19779 Cross Trail S., Strongsville, OH 44136 (the "Property").

11. The Judgment Lien was filed eighty-nine (89) days before the debtors filed their bankruptcy petition.

12. The debtors filed their petition in bankruptcy on March 12, 2004.

13. The Property has a value of $186,000.00.

14. As of the date of the petition, Chase Mortgage had a first mortgage (the "First Mortgage") on the Property with a balance of $137,322.73.

15. As of the date of the petition, U.S. Bank has a second mortgage (the "Second Mortgage") on the Property with a balance of $28,330.69.

16. The debtors have a homestead exemption (the "Exemption") on the Property in the amount of $10,000.00 pursuant to O.R.C. §2329.66(A)(1).

17. After deducting the First Mortgage, the Second Mortgage and the Exemption, there exists surplus equity in the amount of $10,346.58 to which the Judgment Lien attaches.

18. The Trustee has not sought to avoid the Judgment Lien as a preference.

## DISCUSSION

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), and (K). At a June 8, 2004, hearing, the parties stipulated that the matter could be resolved by motion, notwithstanding the requirement of Bankruptcy Rule 7001 that lien avoidance actions, other than those commenced pursuant to subsection 522(f),[1] be litigated through an adversary proceeding.

Based upon the stipulations and briefing of the parties, it is conceded that Bank One received a preferential transfer when it attached a judgment lien to the debtors' homestead 89 days before the debtors filed their bankruptcy petition. The only disputed issue is whether the debtors can strip the entire judgment lien or only the portion of the lien that impairs their homestead exemption. The resolution of this issue depends upon the statutory interpretation of subsection 522(h). Subsection 522(h) allows a debtor to recover preferential

---

[1] All citations are to the Bankruptcy Code unless otherwise indicated.

transfers in some instances where the trustee has declined to do so:

> (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if--
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
> (2) the trustee does not attempt to avoid such transfer.

The debtors argue that this statutory language allows them to step into the trustee's shoes and use the avoidance powers found in section 547 to avoid Bank One's entire judgment lien. Bank One responds that the debtors can avoid only the part of the judgment lien that impairs property "the debtor could have exempted."

*Subsection 522(h) Allows a Debtor to Only Avoid the Portion of a Preferential Transfer that Impairs an Exemption*

*I. The Plain Language of Subsection 522(h) Resolves the Issue*

This Court finds that the plain language of subsection 522(h), read in conjunction with subsections 522(g), (i), and (j), limits the debtors to avoiding only the portion of a preferential transfer that impairs an exemption. "The starting point in discerning congressional intent is the existing statutory text . . . [and] [i]t is well established that 'when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms.' " *Lamie v. U.S. Trustee*, 540 U.S. 526, __,

5

124 S. Ct. 1023, 1030 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)) (citation omitted). "[T]his court also looks to 'the language and design of the statue as a whole' in interpreting the plain meaning of statutory language." *United States v. Choice*, 201 F.3d 837, 840 (6th Cir. 2000) (quoting *United States v. Meyers*, 952 F.2d 914, 918 (6th Cir. 1992)).

Subsection 522(h) must be read in conjunction with subsections 522(g), (i), and (j). Subsection 522(i)(2) states, "a transfer avoided under section . . . 547 . . . may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection." Thus, a preferential transfer avoided by the trustee using section 547 powers can be recovered by the debtor if that property is exempt and was neither "a voluntary transfer" by the debtor nor a transfer concealed by the debtor. 11 U.S.C. § 522(g)(1)(A) & (B). In some situations, however, the trustee chooses not to avoid the preferential transfer, and subsection 522(h) is then applicable. Applying subsection 522(h), the debtor can avoid and recover a transfer "avoidable by the trustee under section . . . 547" but only to "the extent that the debtor could have exempted such property under subsection (g)(1)." As noted above, subsection (g)(1) adds the requirement that the exempt property cannot

have been concealed or transferred voluntarily. Subsection 522(j) then clarifies that a debtor's ability to exempt property recovered from avoided transfers is still limited by the value limits found in state or federal exemption law and by the value of the exemptions that the debtor may have already taken.

These subsections, though admittedly wordy and complex in their reading, unambiguously reveal Congress' intention. *Cf. Lamie*, 540 U.S. at ___, 124 S. Ct. at 1030 ("The statute is awkward, and even ungrammatical; but that does not make it ambiguous on the point at issue."). The overall intent of these subsections is to strengthen the debtor's fresh start by allowing him or her to use as many exemptions as possible. Thus, when property is recovered as a preferential transfer, whether avoided by the trustee or by the debtor acting in the place of the trustee, the debtor is allowed to exempt whatever property exemption law allows. Subsections 522(g), (h), (i), and (j) are all consistent, however, in limiting the debtor to recover only what exemption law allows.

In the present case, where the trustee has declined to act, subsection 522(h) applies to allow avoidance and recovery of a preferential transfer but only to the extent that exemption law allows. Ohio law allows the debtors to exempt $10,000 of their homestead, and the judgment lien preferential transfer can only be avoided

7

to the extent that it impairs that exemption.

*II. Subsection 522(h) is Consistent with Subsection 522(f)*

Any other reading of subsection 522(h) would create inconsistencies within the Bankruptcy Code. Judgment liens receive specific treatment in another section of the Code, subsection 522(f). Subsection 522(f) provides that the "debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption . . . if such lien is– (A) a judicial lien." Subsection 522(f)(2)(A) then contains a formula for determining when a lien impairs an exemption and how much of the lien can be avoided. In sum, subsection 522(f) is clear that judgment liens can be avoided only where they impair an exemption.

In this case, subsections 522(f) and 522(h) overlap. Each subsection is independent – subsection 522(f) deals with avoiding judicial liens not just those that are preferences, and subsection 522(h) deals with recovering avoidable transfers not just avoidable judicial liens. There is, however, a small area of overlap, *i.e.*, when a judgment lien is also an avoidable preferential transfer. The Bankruptcy Code is consistent in this area of overlap – both subsections allow a debtor to avoid a judgment lien only to the extent that the lien impairs an

8

exemption. Nothing in the plain language of subsection 522(h) compels the conclusion that a debtor can stand in the shoes of the trustee and recover more of a judgment lien than would be recoverable through subsection 522(f).

The debtors in this case elected not to use subsection 522(f) to avoid Bank One's judgment lien. Had they used subsection 522(f), they would have been limited to stripping off only the portion of the lien that "impairs an exemption." Properly read, subsection 522(h) reaches the same result, and the debtors are entitled to no greater recovery by proceeding under subsection 522(h) instead of subsection 522(f).

### III. The Vast Majority of Cases Supports This Plain Reading of Subsection 522(h)

This Court's reading of subsection 522(h) is in agreement with the overwhelming majority of cases that have dealt with this issue. *See In re Opperman*, 943 F.2d 441, 443 (4th Cir. 1991) ("A lien larger in amount than the exemption available to the debtor does not impair that exemption. Thus, only that part of a lien which actually interferes with the debtor's homestead exemption may be avoided."); *In re Sherk*, 918 F.2d 1170, 1176 (5th Cir. 1990) (same); *In re Heintz*, 198 B.R. 581, 586-87 (9th Cir. B.A.P. 1996) (same); *In re Nielsen*,

9

197 B.R. 665, 672 (9th Cir. B.A.P. 1996) ("The plain language of § 522(h) is clear that the debtor has avoidance powers only to the extent that the debtor could have exempted the property."); *In re Quisenberry*, 295 B.R. 855, 863 (Bankr. N.D. Tex. 2003) (same); *In re Maus*, 282 B.R. 836, 841(Bankr. N.D. Ohio 2002) ("The effect of this section is that a debtor is only permitted to recover that property which could have otherwise been exempted."); *In re Debarros*, 275 B.R. 251, 252 (Bankr. D. Md. 2002) (same); *In re Compton*, 1998 WL 372659 (Bankr. E.D. Pa. 1998) (same); *In re Jardine*, 120 B.R. 559, 561-62 (Bankr. D. Idaho 1990) ("If Congress intended the debtor to have unfettered avoidance powers, what was the need for the limitations contained in Section 522(f) or Section 522(h)?"). *But see In re Fragapane*, 108 B.R. 585, 586 (Bankr. N.D. Ohio 1989) ("The provisions of § 522(h) are not conditioned upon whether or not an exemption is impaired.").

In addition, at least one treatise agrees that lien avoidance under subsection 522(h) is limited to that portion of the lien that impairs a debtor's exemption. "Under section 522(h), the debtor has the opportunity to recover *otherwise exempt assets* from creditors who have received avoidable transfers." 4 COLLIER ON BANKRUPTCY ¶ 522.12[2][a] (15th ed. rev. 2004) (emphasis added).

> [T]he debtor's use of the avoiding powers does not expand the extent of exemptions. Rather, it permits the debtor to recover property that

10

but for the transfer would have been available to exempt. If the debtor avoids a transfer of property, and the value of that property exceeds the amount that may be claimed as exempt under the applicable exemption provision, the excess value of the property would remain subject to the transfer. Presumably, the trustee would have some interest in recovering the excess value for the benefit of the estate, but in the absence of such action, the creditor would retain the right to that property.

*Id.* at ¶ 522.12[5].

## CONCLUSION

For the foregoing reasons, the debtors' motion to avoid the judgment lien of Bank One (Docket #7) is granted only in so far as the judgment lien impairs their homestead exemption, *i.e.*, all except $10,346.58 of the lien is avoided.

IT IS SO ORDERED.

Arthur I. Harris
U.S. Bankruptcy Judge

11